THOMPSON *versus* WILEY.

The defendant, under a plea of discharge in bankruptcy, may give in evidence the discharge, without having proved the regularity of the proceedings in the court of bankruptcy.

ON EXCEPTIONS from the *District Court*, RICE J.

DEBT ON JUDGMENT.

The defendant pleaded *nul tiel* record, with a brief statement of his discharge in bankruptcy. The plaintiff filed a counter brief statement. The defendant's brief statement was objected to, and was amended. In the amended form, as the case shows, it " sets forth more particularly all the proceedings on the defendant's petition for the benefit of the bankrupt act, alleging that the debt sued for was due prior to the filing of said petition on April 2, 1842, and stating, among other things, *that* it was proveable in bankruptcy, *that* it was not created by default in any office, nor incurred in any fiduciary capacity, and *that*, at the time of the filing his said petition and of the said decree of discharge, he resided in said Maine District.

Under this brief statement, the defendant offered in evidence his bankruptcy discharge, which was in the usual form. The plaintiff objected to its introduction, and the Judge sustained the objection, and ruled, that the discharge was inadmissible, until the defendant should show, that it was duly granted by producing a copy of the record of the petitions, papers and proceedings in the bankruptcy court.

The verdict was for the plaintiff, and the defendant excepted.

After the exceptions were entered, the plaintiff in this Court, filed a motion, setting forth, that upon the writ in this suit, an attachment of the defendant's land was made prior to his petition in bankruptcy ; that such attachment constituted

a lien or security upon the land, which was not defeated or impaired by the bankrupt law; and, therefore praying the Court to adjudicate upon the plea of *nul tiel* record, and, if judgment should be thereon rendered for the plaintiff, to order a special execution running against the land attached. And, in support of the motion, the plaintiff offered the appropriate proof that such attachment had been made.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOW-ARD and APPLETON, J. J., was delivered by

HOWARD, J., orally. — The fourth section of the bankrupt law provides that, in a case like this, the discharge certificate shall operate as a complete bar, and be, *of itself*, conclusive. It is not necessary to prove the proceedings had in the court of bankruptcy, preliminary to its decree granting the discharge.                    *Exceptions sustained.*

The motion, filed by the plaintiff, that judgment may be rendered on inspection of the record under the plea of *nul tiel record*, and that, if in favor of the plaintiff, an execution may be awarded, running against the land, cannot *now* be granted. Further opportunity of being heard must be furnished to the other party.                    *Motion dismissed.*

*Ruggles* and *Gould*, for the defendant.

*Harding*, for the plaintiff.